IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CYRIL STEPHENS,

    Plaintiff,

v.                                      CASE NO. 1:15-mc-36-MW-GRJ

KEISHA JONES, et al.,

    Defendants.

_____/

**REPORT & RECOMMENDATION**

Plaintiff initiated this case by filing a document entitled "Lawful Claim of Harm and Injury by the Wrongdoing of Tresspass [sic] and Robbery." ECF No. 1. Rather than tendering the full filing fee of $400.00, Plaintiff paid a filing fee of $46.00, ECF No. 3, to open the case as a miscellaneous case.  As explained below the complaint should be dismissed and the file closed.

The claims in this case are almost identical to the claims Plaintiff unsuccessfully attempted to raise in *Stephens v. Jones*, No. 1:14-cv-246-MW-GRJ, ECF No. 28 (N.D. Fla. Oct. 8, 2015), a case the Court dismissed with prejudice on October 8, 2015 for failure to state a claim upon which

relief can be granted and for lack of subject matter jurisdiction. There, Plaintiff sued the same six defendants named in this case,[1] asserting the same state law claims asserted in this case. Plaintiff alleges here, and alleged in the previous case, that the Defendants were negligent, trespassed on Plaintiff's property by taking his job, inflicted injury on his body by taking his healthcare away, and despoiled his belongings by taking away his income. In the previously dismissed case, the Court concluded that "Plaintiff merely asserts legal conclusions devoid of factual allegations for support," and dismissed Plaintiff's claims of trespass, after providing Plaintiff four opportunities to amend his complaint to state a valid claim. *Id.* at ECF No. 25. Furthermore, the Court there dismissed Plaintiff's case because the Court did not have subject matter jurisdiction over Plaintiff's claims, which included only common law state claims and no federal claims.

The Court should dismiss this case for the same reasons the prior case was dismissed. The case must be dismissed first because the Court does not have subject matter jurisdiction over the claims. The claims

---

[1] Keisha Jones, Clark Collins, Chris Whitehurst, Jeff Chorlog, Brent Goodman, and Dustin Jackson.

here—just like the claims in the previously dismissed case—do not contain any federal claims and do not involve claims between citizens of different states.

In addition to the fact that the Court does not have subject matter jurisdiction over the case the case must be dismissed because the prior dismissal requires dismissal of this case under principles of res judicata.

Res judicata bars a subsequent action if four elements are present: "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Smith v. Mercer*, 266 F. App'x 906, 907 (11th Cir. 2008) (citing *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003)). A dismissal with prejudice for failure to state a claim for relief or for frivolousness constitutes a final judgment on the merits. *Redford v. Gwinnett Cnty Judicial Circuit*, 350 F. App'x 341, 344 (11th Cir. 2009); *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990). Because the Court dismissed Plaintiff's earlier claims with prejudice, Plaintiff's trespass claims here against the same six defendants covering the same period of time are barred by res judicata. Additionally, although Plaintiff presents a claim for "robbery" in the instant complaint, allowing him to amend his claim for robbery would be

futile because robbery is a criminal charge and cannot be asserted against a defendant in a civil proceeding. Accordingly, Plaintiff's complaint should be dismissed with prejudice.

Lastly, with regard to the $46.00 partial filing fee— the Court accepted on December 8, 2015, ECF No. 3— the Court should not have accepted the filing fee because this case is not a miscellaneous case but rather is a civil case, subject to the $400.00 filing fee applicable to all civil cases.  A *pro se* plaintiff must either pay the full filing fee at the time the case is filed or file a motion to proceed *in forma pauperis*.  Although Plaintiff did neither, the funds were deposited in error. The Court therefore recommends that the incorrect $46.00 filing fee should be refunded to Plaintiff.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. Plaintiff's complaint should be **DISMISSED with prejudice** and the file should be closed.

2. The **Clerk** should be directed to refund the $46.00 deposit made by Plaintiff for incorrectly filing the case as a miscellaneous case.

**IN CHAMBERS** this 10th day of December, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge